## No. 309

### HARRIS v. STANNARD et

No. 19648.  Supreme Court

On motion to certify.  Dock. March 1, 1926; 4 Abs. 160.

1093.  SHERIFFS—May a sheriff, within the purview of Sections 2996, 2850 and 2997 GC., retain the difference between the amount allowed by the County Commissioners (329) for the maintenance of prisoners and the amount actually expended for such maintenance for his personal use?

The State of Ohio, ex xrel, Edward C. Stanton, as County Prosecutor, after a demand made by George B. Harris, as a tax payer, brought this action originally against Charles B. Stannard, sheriff of Cuyahoga County to recover certain money.

It appears that Stannard and the board of county commissioners entered into an agreement whereby the Commissioners were to pay to Stannard, as sheriff, the sum of 50 cents per day for the keep of county prisoners.  This sum was paid and it is alleged that the actual cost for the maintenance of the prisoners was a smaller sum, which the sheriff kept for his personal use and it is for the difference between these amounts that suit was filed to recover.

Section 2850 provides that the sheriff shall be allowed by the County Commissioners not less than forty-five nor more than seventy-five cents per day for keeping and feeding prisoners in jail.  While 2996 GC. provides that no sheriff shall receive a salary exceeding six thousand dollars; the next section (2997) provides that in addition to the compensation and salary " the county commissioners shall make allowance quarterly to each sheriff for keeping and feeding prisoners."

The judgment for the sheriff in the Cuyahoga Common Pleas was affirmed by the Court of Appeals.

Harris, in the Supreme Court, contends:

1.  That Section 2996 limits the compensation which a sheriff may receive to $6000 per year.

2.  That the term "Keeping and feeding of prisoners" was never intended to be a matter of profit but one of the duties for which he is to receive his public salary and no other amount.

Attorneys—Klein, Harris & Diehm for Harris; Dowling, Dowling & Moriarity for Stannard; all of Cleveland.

## No. 310

### YAZELL, Admr. v. CITY (Findlay)

No. 19685.  Supreme Court

On motion to certify.  Dock. March 11, 1926; 4 Abs. 176.

230.  CHILDREN—May a city be sued for damages for its negligence in failing to properly protect a dangerous attraction to children (855) when a child is injured or killed thereby?

This action was brought originally in the Hancock Common Pleas by Leonard Yazell as personal representative of a deceased 5 year old child, against the city of Findlay for damages resulting from the child's death.

The petition charges the defendant with negligence causing the death of this child, and the facts stated are substantially as follows:  The city in its proprietary capacity purchased and owns a tract of land locally known as iRverside Park, established and maintained as an amusement park which the public, including small children, were invited to visit.

On the same premises, the city constructed an impounding reservoir as an adjunct to its water supply, another of its proprietary enterprises.  This reservoir was constructed upon an elevation some ten feet above the park level, with no covering over it and nothing in the way of obstruction, to prevent children, climbing this attractive elevation, from falling into the water, the presence of which water at the top of the elevation was not observable until the top was reached.

The only protection afforded to children vsiting this amusement park from the peril incident to the reservoir, was a wire fence around the elevation at the park level, which fence never was, in its plan of construction, adequate to keep small children from passing through it, but it had become out of order, to the knowledge of the defendant, so that children found no practical obstruction to their passage to this elevation.

In this perilous condition, plaintiff's intestate, a boy of about five years of age, visiting in the park, climbed this elevation and fell into this reservoir and was drowned.

The Common Pleas sustained a demurrer to the petition and this judgment was affirmed by the Court of Appeals on the ground that the facts stated did not show a cause of action.

The Administrator, in the Supreme Court, contends that the defendant having control of the whole premises, was under a legal obligation to use ordinary care to protect small children visiting this amusement park, from the peril incident to this invisible body of water, and that it is a question for a jury, under proper instruction from the Court, whether upon these facts, such ordinary care was exercised; and that the Court erred in sustaining the general demurrer, and holding as matter of law that the defendant owed no such duty, and hence was not liable for this death.

Attorneys—George H. Phelps for Yazell; W. S. Snook for City; both of Findlay.